IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| URSULA ALTAGRACIA | : | |
| ALMONTE-VARGAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-2666 |
| | : | |
| KENNETH ELWOOD, IMMIGRATION | : | |
| AND NATURALIZATION SERVICE, | : | |
| JOHN ASHCROFT, ATTORNEY GENERAL | : | |
| OF THE UNITED STATES and | : | |
| TOM HOGAN, WARDEN, | : | |
| YORK COUNTY PRISON | : | |

**MEMORANDUM AND ORDER**

SURRICK, J.                                                                                         June 28, 2002

Presently before the Court is the Petition of Ursula Altagracia Almonte-Vargas

("Petitioner" or "Almonte-Vargas") for Writ of Habeas Corpus and Complaint for Declaratory

and Injunctive Relief.  (Doc. No. 1).

I.     **BACKGROUND**[1]

Petitioner is a native and citizen of the Dominican Republic and is a lawful permanent

resident of the United States.  She is 36 years old, has lived in the United States since 1985 and

has three United States-born children ranging in age from four to fourteen.

On or about April 16, 2001, Petitioner was convicted in the Berks County Court of

Common Pleas on charges involving possession with intent to deliver a controlled substance and

---

[1] The factual background is derived from the parties' submissions and does not appear to
be in dispute.

the receipt of stolen cars.[2]  Petitioner received a sentence of time served (43 days) to 23 months on the drug charges.  She was sentenced to seven years probation for the charges related to receiving stolen property.

In October 2001, the Immigration and Naturalization Service ("INS") began removal proceedings against Petitioner by issuing a Notice to Appear.  The Notice to Appear alleges that based on Petitioner's conviction for offenses related to illicit trafficking in a controlled substance, she is subject to removal from the United States as an "aggravated felon" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  On February 27, 2002, INS officials arrested Petitioner at the Berks County Probation Office.  The INS District Director determined that Petitioner was to be detained without bail.  Petitioner appealed that decision to an Immigration Judge, who held a hearing on March 19, 2002, and ordered Petitioner released on $5,000 bond.  The following day, the INS appealed to the Board of Immigration Appeals ("BIA").  In its appeal, the INS contends that the Immigration Judge lacked authority to redetermine the District Director's custody decision because, pursuant to 8 U.S.C. § 1226(c), Petitioner is subject to mandatory detention.[3]

---

[2] Specifically, Petitioner was convicted of possession with intent to deliver a Schedule I controlled substance (heroin), in violation of 35 Pa. C.S.A. § 780-113(a)(30); conspiracy to commit possession of a controlled substance, in violation of 18 Pa. C.S.A. § 903(a)(1)(2); receiving stolen property, in violation of 18 Pa. C.S.A. § 3925(a); and conspiracy to commit receiving stolen property, in violation of 18 Pa. C.S.A. § 903(a)(1)(2).

[3] Section 1226(c) of Title 8, governing "Detention of criminal aliens," provides, in pertinent part:

> (1) Custody
> The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title. . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. . . .

Alternatively, the INS appeal asserts that the Immigration Judge erred in setting bond because Petitioner failed to demonstrate that she is not a danger to society or a flight risk.  The INS appeal triggered an automatic stay of the Immigration Judge's order for Petitioner's release on bond. That appeal is still pending and Petitioner has remained continuously detained since her arrest on February 27, 2002.

Petitioner filed the instant Petition on May 3, 2002, seeking a writ of habeas corpus on the grounds that her indefinite detention pursuant to 8 U.S.C. § 1226(c) and the automatic stay is unlawful and unconstitutional.   The Government filed its Response to the habeas corpus Petition on May 23, 2002.  Meanwhile, on May 6, 2002, an Immigration Judge ordered Petitioner removed from the United States to the Dominican Republic.  Petitioner has filed an appeal of the removal decision with the BIA.

## II.    ANALYSIS

Petitioner's case presents an extension of the issue we previously addressed in Sharma v. Ashcroft, 158 F.Supp.2d 519 (E.D. Pa. 2001).  In Sharma, the petitioners were lawful permanent residents of the United States who were mandatorily detained by the INS pursuant to 8 U.S.C. §

---

(2) Release
The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18, that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.  A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

1226(c) pending their appeal of final deportation orders.  In that case, we concluded that the mandatory detention of petitioners violated their due process rights, and we ordered the INS to afford the petitioners individualized bail hearings.  Sharma, 158 F.Supp.2d at 524.

Several other judges in this circuit have reached the same conclusion in cases challenging the mandatory detention under § 1226(c) of lawful permanent resident aliens pending the outcome of removal proceedings.  See United States v. Elwood, No. 01-CV-4241, 2002 WL 93053 (E.D. Pa. Jan. 23, 2002); Koifman v. Zemski, No. Civ. A. 01-CV-2074, 2001 WL 1167541 (E.D. Pa. July 31, 2001); Dean v. Ashcroft, 176 F.Supp.2d 316 (D.N.J. 2001); Jaurez-Vasquez v. Holmes, No. C.A. 00-4727, 2000 WL 1705775 (E.D. Pa. Nov. 3, 2000); Chukwuezi v. Reno, No. Civ. A. 3:CV-99-2020, 2000 WL 1372883 (M.D. Pa. May 16, 2000); Bouayad v. Holmes, 74 F.Supp.2d 471 (E.D. Pa. 1999).  In Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001), the Third Circuit agreed, stating:

> [W]e hold that mandatory detention of aliens after they have been found subject to removal but who have not yet been ordered removed because they are pursuing their administrative remedies violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community.

Patel, 275 F.3d at 314 (rejecting the contrary conclusion of the Seventh Circuit in Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999)).  See also United States v. Radoncic, 28 Fed.Appx. 113, 2001 WL 1681643 (3d Cir. Jan. 4, 2001), petition for cert. filed, 70 U.S.L.W. 3642 (U.S. April 4, 2002) (No. 01-1459); Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002) (holding that mandatory detention under § 1226(c) is unconstitutional as applied to lawful permanent resident alien), cert. granted sub nom., 70 U.S.L.W. 3655 (U.S. June 28, 2002) (No. 01-1491); Hoang v. Comfort,

4

282 F.3d 1247 (10th Cir. 2002) (same), petition for cert. filed, 70 U.S.L.W. 3698 (U.S. May 3, 2002) (No. 01-1616).

In the instant case, the INS District Director's initial decision to detain Petitioner was presumably based on the mandatory detention provision applicable to aggravated felons under § 1226(c). However, relying on the Third Circuit's decision in Patel, the Immigration Judge held an individualized custody hearing and determined that Petitioner should be released on $5,000 bond. As noted above, the INS immediately filed an appeal to the BIA, thus triggering an automatic stay of the Immigration Judge's order pursuant to 8 C.F.R. § 3.19(i)(2). That provision provides:

> Automatic stay in certain cases. In any case in which the district director has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon the Service's filing of a Notice of Service Intent to Appeal Custody Redetermination (Form EOIR-43) with the immigration court within one business day of the issuance of the order, and shall remain in abeyance pending decision of the appeal by the Board of Immigration Appeals. The stay shall lapse if the Service fails to file a notice of appeal with the Board in accordance with § 3.38 within ten business days of the issuance of the order of the immigration judge. If the Board authorizes release (on bond or otherwise), that order shall be automatically stayed for five business days. If, within that five-day period, the Commissioner certifies the Board's custody order to the Attorney General pursuant to § 3.1(h)(1) of this chapter, the Board's order shall continue to be stayed pending the decision of the Attorney General.

8 C.F.R. § 3.19(i)(2).[4] Although the automatic stay provision specifies deadlines within which

---

[4] The automatic stay provision of 8 C.F.R. § 3.19(i)(2) was amended effective October 31, 2001. The Government's Response cites the former version of that provision, under which the automatic stay only applied to aliens subject to mandatory detention. See 66 FR 54909-54910 (explaining that amendment "will allow the Service to maintain the status quo while it seeks review by the Board, and thereby avoid the necessity for a case-by-case determination of whether a stay should be granted in particular cases in which the Service had previously determined that the alien should be kept in detention and no conditions of release would be

5

the INS must pursue its appeal of an order authorizing release, § 3.19(i)(2) does not impose any time limit for the resolution of the appeal. Under these circumstances, Petitioner's case is in a slightly different procedural posture than Patel and the other cases cited above. Unlike the petitioners in those cases, Almonte-Vargas was afforded an individualized bail hearing. It is the operation of the appeal and automatic stay, and not § 1226(c), that is technically responsible for her continued detention.

The Government relies on this distinction in opposing Petitioner's release. In its Response, the Government agrees that in this circuit, Petitioner is entitled to an individualized bond determination. The Response expressly concedes that "[t]o the extent that Almonte's detention is mandatory pursuant to the provisions of § 1226(c), that detention is unconstitutional under the holding in Patel and redressable on a habeas corpus petition." See Government Response at p. 14. The Government contends, however, that Patel does not mandate Petitioner's release because the INS is not relying solely on the mandatory detention provision of § 1226(c), but is alternatively arguing that $5,000 bond is insufficient.[5]

The Government's analysis in this regard begins with the premise that "absent a Constitutional violation, the Attorney General's bond decisions are not subject to review on habeas." See Government Response at p. 12 (emphasis added). The Government states:

_____

appropriate").

    [5] The Government notes that the INS is cognizant of Patel and that because the INS is seeking Supreme Court review of the § 1226(c) mandatory detention issue, INS trial attorneys are instructed to appeal adverse decisions involving detention of aggravated felons. See Government Response at p. 12 n. 8. As is discussed further, infra, this instruction appears designed to administratively overrule the holdings in Patel, Radoncic and Kim, supra, pending Supreme Court review of the mandatory detention issue.

> Section 1226(e) [of Title 8, United States Code][6] says that it is the
> "discretionary" decisions of the Attorney General that are not subject to
> review.  If the Attorney General decides that some sum certain is the
> appropriate amount of bond, that determination is not to be revisited by a
> court unless it violates the Constitution, presumably the Eighth
> Amendment. [citation omitted] Habeas tests the legality of detention, not
> discretionary decisions relating to it.

See Government Response at p. 14.  Noting that the INS disagrees with the Immigration Judge's

determination to order Petitioner's release on $5,000 bond, the Government argues that Petitioner

"does not state a habeas claim because her detention is otherwise committed to the discretion of

the District Director. . . ."  See Government Response at p. 5.  On this basis, the Government

reasons,

> The District Director may continue to hold [Petitioner] in lieu of a bond,
> or subject to no bond at all, under the provisions of 8 U.S.C. § 1226(a), so
> long as that officer makes an "individualized custody determination" in
> [Petitioner's] case.
>
> When the BIA issues a briefing schedule in this case, the INS will argue to
> the BIA that $5,000 is not adequate.  It is likely that if the BIA sustains the
> INS appeal, it will remand to the [Immigration Judge] for a new, higher
> bond.  On the other hand, the BIA might reject the appeal and sustain the
> IJ's decision, and [Petitioner's] bond will be $5,000.
>
> This Court may await the outcome of that process, or direct the District
> Director to make an individualized determination on [Petitioner's] case
> under Patel without regard to the proceeding before the BIA.

See Government Response at 14-15.

---

[6] Section 1226(e) provides as follows:
> The Attorney General's discretionary judgment regarding the application
> of this section shall not be subject to review.  No court may set aside any
> action or decision by the Attorney General under this section regarding the
> detention or release of any alien or the grant, revocation, or denial of bond
> or parole.

18 U.S.C. § 1226(e).

Apparently, the Government is suggesting that because the INS disagrees with and has appealed the Immigration Judge's individualized bond determination, Petitioner's continued detention is an exercise of the Attorney General's discretion under 8 U.S.C. § 1226(a)[7] and not a function of the mandatory detention provision of § 1226(c). The Government further suggests that such "discretionary judgments" of the Attorney General are insulated from judicial review pursuant to 8 U.S.C. § 1226(e).[8] In other words, the Government theorizes that, notwithstanding

---

[7] Section 1226(a) provides, in pertinent part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

[8] In opposing Petitioner's claim for habeas relief, the Government's Response treats the Attorney General's discretion and the INS District Director's discretion as interchangeable. Given the governmental structure in the area of immigration, it is misleading to characterize the District Director's detention decisions in this case as "the Attorney General's bond decisions." Of course, the INS and its District Directors do make detention and other decisions as delegates of the Attorney General. However, as the Government acknowledges, the Immigration Courts and Board of Immigration Appeals also operate under the authority of the Attorney General, as part of a separate component of the Department of Justice. See Government Response at 3-4 ("Immigration Judges are not employees of the INS, but rather are employees of the Attorney General in a branch of the Justice Department known as the Executive Office of Immigration Review (EIOR)."). See also 8 C.F.R. § 1.1(l); Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals Practice Manual § 1.2(c) and (d) (describing relationship among Immigration Courts, Board of Immigration Appeals and INS).

In that capacity, Immigration Judges and the BIA also make discretionary judgments regarding the detention of aliens as delegates of the Attorney General. Specifically, Immigration Judges act as independent adjudicators and are expressly authorized to review INS custody and bond determinations. See 8 C.F.R. § 3.19(a); Department of Justice, Executive Office for

Patel, the INS appeal and the stay provision of 8 C.F.R. 3.19(i)(2) permit Petitioner's automatic

and indefinite detention pending a decision on the INS appeal by the BIA and, potentially, by the

Attorney General.  See 8 C.F.R. § 3.19(i)(2) (authorizing continuation of stay if INS

Commissioner certifies an adverse decision of the BIA to the Attorney General).

    As a threshold matter, we are satisfied that we have jurisdiction to consider Petitioner's

challenge to the constitutionality of her detention.  See Patel, 275 F.3d at 302 ("Section

[1226(e)], which restricts judicial review of INS decisions made under this section, does not

restrict judicial review of its constitutionality.") (citing Parra, 172 F.3d 954, 957); Sharma, 158 F.

Supp. 2d at 522 (District Court has jurisdiction over habeas corpus petition challenging

mandatory detention); ( Grant v. Zemski, 54 F. Supp. 2d 437, 439 (E.D. Pa. 1999) (finding that §

1226(e) "does not contain a clear statement that Congress sought to eliminate habeas jurisdiction

under 28 U.S.C. § 2241").

    Turning to the merits of the case, we view the Government's argument as a flawed and

transparent attempt to eviscerate the due process required under Patel.  The INS clearly disagrees

with the holding in Patel and is seeking Supreme Court review of the constitutionality of

mandatory detention under § 1226(c).  In the meantime, the INS is essentially disregarding Patel

and accomplishing Petitioner's mandatory detention as an "aggravated felon" through the

mechanism of the automatic stay.  The INS strategy is revealed in its appeal to the BIA of the

---

Immigration Review, Board of Immigration Appeals Practice Manual § 1.2(c).  Decisions of
Immigration Judges may be reviewed by the BIA, the decisions of which are, in turn, subject to
review by the Attorney General.  See 8 C.F.R. § 3.1(b) and (h).  This review process would be
meaningless if the INS District Director could indefinitely trump an Immigration Judge's
discretionary bond decisions merely by pursuing an appeal of any decision with which the INS
disagrees.

bond determination in Petitioner's case.  The INS Notice of Appeal, filed before the Government

petitioned for <u>certiorari</u> in <u>Radoncic</u> and <u>Kim</u>, expressly states:

> [T]he Government has not acquiesced to the Third Circuit's decision in
> *Patel*.  The Solicitor General is presently considering whether to seek
> rehearing en banc in the Third Circuit or immediate review in the Supreme
> Court.  The time period for seeking such review has not yet elapsed.
> <u>Accordingly the Service asks the Board to hold these cases in abeyance,</u>
> <u>pending the Government's decision on whether to seek review.  If the</u>
> <u>Government does, in fact, seek further review, the Service will request the</u>
> <u>Board to further hold the cases until the issue is resolved</u>.

<u>See</u> INS Notice of Appeal to the Board of Immigration Appeals of the Bond Decision of the

Immigration Judge, attached to Government Response (emphasis added).

The Third Circuit Court of Appeals has held that mandatory detention of aliens violates

their due process rights unless they have been afforded the opportunity for an individualized

hearing addressing the necessity of detention.  <u>Patel</u>, 275 F.3d at 314.  Petitioner, in fact, received

such a hearing in this case.  However, in our view, due process is not satisfied where the

individualized custody determination afforded to Petitioner was effectively a charade.  By

pursuing an appeal of the Immigration Judge's bond determination and requesting that no action

be taken on the appeal, the INS has nullified that decision and accomplished precisely what is

prohibited under <u>Patel</u>.  Pursuant to the automatic stay provision of 8 C.F.R. § 3.19(i)(2),

Petitioner remains indefinitely detained potentially until resolution of the removal proceedings

against her.[9]

----

[9] The Immigration Judge's May 6, 2002 removal decision is not a final order.  <u>See</u>
<u>Serrano v. Estrada</u>, ___ F. Supp. 2d ___, Nos.  3:01-CV-1916-M, 3:02-CV-0703-M, 3:02-CV-
0722-M, 2002 WL 1160558 (N.D. Tex. May 13, 2002) (citing 8 U.S.C. § 1101(a)(47)(B) and
<u>Kim</u>, 276 F.3d at 528).  Petitioner retains her status as a lawful permanent resident until an
administratively final order of removal or deportation is entered.  8 C.F.R § 1.1(p); <u>Hoang</u>, 282
F.3d at 1256; <u>Cardoso v. Reno</u>, 127 F. Supp. 2d 106, 110 (D. Conn. 2001) (citing <u>In re Mendoza-</u>

We recognize that "Congress has plenary power to create substantive immigration law to which the judicial branch generally must defer." Patel, 275 F.3d at 307. However, those laws, and the regulations promulgated thereunder, are "subject to constitutional limitations, including due process constraints." Id. at 308 (citing Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 2501, 150 L.Ed.2d 653 (2001). We further hasten to note that the provision staying a release order pending appeal is not inherently violative of due process, provided that there is some reasonable time limit on the duration of the appeal and the resulting detention.[10]  However, as other courts have observed, "there is nothing in the automatic stay provision of 8 CFR § 3.19(i) to limit the time the BIA takes to resolve the appeal. Coupled to the unavailability of having the stay order reviewed, petitioner's liberty interests are in a state of suspended animation." Jaurez-Vasquez v. Holmes, No. C.A. 00-4727, 2000 WL 1705775 (E.D. Pa. Nov. 3, 2000). See also Grant v. Zemski, 54 F. Supp. 2d 437, 439 (E.D. Pa. 1999) (noting that BIA can take anywhere from three to six months to decide appeal of detention decision).[11]

---

Sandino, Interim Dec. 3426, 2000 WL 225840 (BIA 2000). At that point, Petitioner's detention will be governed by 8 U.S.C. § 1231(a)(6), which authorizes bail once 90 days have elapsed since the entry of the final removal order. See Kim, 276 F.3d at 527, 535 (contrasting the no-bail provision of § 1226(c)(1) with the availability of bail for aliens subject to final removal order).

[10]  Interestingly, legislation has been introduced that would, inter alia, amend § 1226(c) to eliminate the mandatory nature of detention and require the release of any alien subject to § 1226(c)(1) "if the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." The proposed legislation would further make all custody, bond and parole decisions reviewable by an Immigration Judge and subject to administrative appeal, and would limit the stay of a release order pending appeal to a period of 30days. See Restoration of Fairness in Immigration Act of 2002, H.R. 3894, 107th Cong., 2d Session, §§ 131, 137(a) (March 7, 2002).

[11]  We have found no case that expressly addresses the constitutionality of indefinite detention pursuant to the automatic stay provision. We attribute this to the fact that under the former version of 8 C.F.R. § 3.19(i)(2), the automatic stay only applied in cases of aliens subject

In this case, the Government's use of the automatic stay to achieve the mandatory detention provided for in § 1226(c) exceeds constitutional limitations. Petitioner, who is a lawful permanent resident of the United States with three young children, has now been detained for more than four months, and her detention has continued for more than three months after the Immigration Judge ordered her released on bond. The INS appeal has been pending since approximately March 20, 2002, with no indication when it will be resolved. Moreover, if the BIA ultimately upholds the Immigration Judge's decision, Petitioner will face further indefinite detention if the INS certifies the BIA order to the Attorney General pursuant to 8 U.S.C. § 3.1(h)(1). In the absence of any reasonable time frame for resolution of the INS appeal in Petitioner's case, her continued detention pursuant to the automatic stay suffers from the same constitutional infirmities as mandatory detention under § 1226(c). We find Petitioner's detention particularly unconscionable in light of the INS' express request that the BIA indefinitely <u>delay</u> consideration of Petitioner's detention.

---

to mandatory detention. In such cases, the alien could request a redetermination by the Immigration Judge regarding whether the alien was properly subject to § 1226(c). 8 C.F.R. § 3.19(h)(1)(ii). Where the Immigration Judge determined that the mandatory detention provision applied, he or she was precluded from authorizing the alien's release on bond and, logically, the INS had nothing to appeal. The automatic stay was only triggered in cases in which the Immigration Judge found the mandatory detention provision inapplicable, further determined that release was appropriate, and the INS appealed that decision. When aliens thus detained sought habeas review, the district courts typically addressed the applicability and constitutionality of the mandatory detention provision, rather than the propriety of the automatic stay. <u>See</u> <u>Grant</u>, 54 F. Supp. 2d at 444-45 (finding §1226(c) inapplicable, court lifted the automatic stay and reinstated bond decision of Immigration Judge); <u>Saucedo-Tellez v. Perryman</u>, 55 F. Supp. 2d 882, 885 (N.D. Ill. 1999) (finding § 1226(c) inapplicable and declining to decide the constitutionality of automatic stay provision); <u>Jaurez-Vasquez</u>, 2000 WL 1705775 (After INS appeal triggered stay of Immigration Judge's decision finding § 1226(c) inapplicable and ordering alien's release, the District Court held § 1226(c) unconstitutional and required review process regarding alien's continued detention).

Although Petitioner may well fail in her appeal of the Immigration Judge's removal order, we conclude that her continued indefinite detention during the pendency of the removal proceedings violates due process.[12]  See Koifman v. Zemski, No. Civ. Ac. 01-CV-2074, 2001 WL 1167541, *2 (E.D. Pa. July 31, 2001).  As the court in Koifman noted, "[e]ven a short period of parole before final resolution of [her] removal proceeding would be significant, because even a short-term separation from family members is 'a deprivation which the Supreme Court has repeatedly ranked high among the interests of the individual.'" Id. (quoting Zgombic v. Farquharson, 89 F. Supp. 2d 220, 235 (D. Conn. 2000).

## III.  CONCLUSION

For the foregoing reasons, we will grant Almonte-Vargas' Petition for Writ of Habeas Corpus, lift the automatic stay and order Petitioner's immediate release pursuant to the Immigration Judge's bond determination dated March 19, 2002.  We decline the Government's alternative request that we refer this matter to the INS District Director for an individualized custody determination.  This suggestion ignores the fact that the Immigration Judge already conducted an individualized custody determination on review of the District Director's decision to detain Petitioner without bond.  The Government offers no authority to support a remand to

---

[12] The Government devotes a portion of its Response to the merits of the removal case against Petitioner, offering its prediction that her removal is all but a foregone conclusion.  While the Government may be correct in this regard, the merits of Petitioner's removal case are separate and distinct from the issues raised by her indefinite detention during the pendency of those proceedings.  See 8 C.F.R. § 3.19(d) ("Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding."); Patel, 275 F.3d at 314 ("[T]he merits of the alien's removal proceedings should not be conflated with the determination of whether the alien should be detained pending the outcome of those proceedings.").

the District Director at this juncture and, in our view, to do so would stand the administrative review process on its head.  <u>See</u> Note 8, <u>supra</u>.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| URSULA ALTAGRACIA | : | |
| ALMONTE-VARGAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-2666 |
| | : | |
| KENNETH ELWOOD, IMMIGRATION | : | |
| AND NATURALIZATION SERVICE, | : | |
| JOHN ASHCROFT, ATTORNEY GENERAL | : | |
| OF THE UNITED STATES and | : | |
| TOM HOGAN, WARDEN, | : | |
| YORK COUNTY PRISON | : | |

## ORDER

AND NOW, this _____ day of June, 2002, it is ORDERED that the Petition for Writ of

Habeas Corpus of Ursula Altagracia Almonte-Vargas is GRANTED.  The automatic stay

pursuant to 8 C.F.R. § 3.19(i)(2) is lifted and Petitioner shall be immediately released from

custody in accordance with the bond determination of the Immigration Judge dated March 19,

2002.

BY THE COURT:

_____
R. Barclay Surrick, Judge